## Visconti v. Garcia

*Randolph J. Barden,* for plaintiffs.
*Arthur B. Siegel,* for defendant.

WILLIAMS, *P. J.,* August 19, 1977—Plaintiffs filed a complaint in ejectment in which they allege they are the owners of Lot 7, Block W-1504, as set forth on a Plan of Lots — Wild Acres, Section 15, Delaware Township, Pike County. The complaint alleges that Michael Dalessio, Jr. and Madeline Dalessio conveyed the property to Marcon, Inc. on August 1, 1967. That Marcon, Inc., on March 22, 1975, contracted to sell the property to plaintiffs and that by reason of that contract they are the equitable owners of the property. The complaint does not disclose whether the contract was ever recorded in the Pike County recorder's office. The contract calls for 84 monthly payments of $79.88 each. The contract provides that upon a default by the buyer for a period of 60 days, the seller may terminate the contract. The complaint does not allege that the buyer has not breached the contract. The complaint further alleges that defendant took possession of the aforesaid lot in April, 1976, with-

out the permission or consent of plaintiffs and refused to vacate possession, as requested by plaintiffs.

Defendant has filed preliminary objections to the complaint, in the form of motion to strike and demurrer, alleging it does not set forth a good cause of action. The defendant asserts that the complaint is insufficient in two respects: (a) It lacks an abstract of title which is required by Pa. R.C.P. 1054(b). (b) The complaint does not allege that plaintiffs are in compliance with the terms of its contract with Marcon, Inc.

## DISCUSSION

Pa. R.C.P. 1054(b) provides: "(b) A party shall set forth in his complaint or answer an abstract of the title upon which he relies at least from the common source of the adverse titles of the parties."

This Rule is mandatory and the failure of plaintiffs to set forth such abstract or allege the common source of title is a clear violation of the Rule and the absence of such abstract renders the complaint ineffective: Stewart v. Young, 5 Lyc. 101 (1965); Reinbold v. Fake, 11 Lebanon L. J. 177 (1966); Petchulis v. Cass Contracting Co., 63 Schuyl. 8 (1967); Mullen v. Cooley, 36 Fayette 74 (1974).

As to the issue of whether plaintiffs were required to aver compliance with the sales contract, we first point out the ejectment is a possessory action and the complaint lacks any averment either

that plaintiffs are entitled to immediate possession of the land or that their alleged equitable title is valid.

Without an allegation in the complaint that plaintiffs are entitled to immediate possession of the land, the complaint does not state a cause of action. A vital factor in determining whether plaintiffs are entitled to immediate possession of the land is whether they defaulted in the terms of the contract with Marcon, Inc. If in default, they obviously are not entitled to immediate possession of the land. We, therefore, sustain the preliminary objections on the grounds that an essential element to recover possession of land is that plaintiff show the right of immediate possession of the land which the complaint in its present form does not aver either specifically or by an averment that they have a valid equitable title which vests in them the immediate right of possession.

We are of the opinion that a motion to strike should be sustained as to preliminary objections 2, 3, and 4. Since preliminary objection 5 was not argued, it has been abandoned. Preliminary objections in the form of a demurrer will be dismi ssed.

## ORDER

And now, August 19, 1977, preliminary objections 2, 3 and 4 in the motion to strike are sustained. Preliminary objection 5 in the motion to strike is denied. The demurrer is den1ed. The complaint is hereby stricken from the record and plaintiffs are given 20 days after receiving notice of this opinion and order to file a new complaint.